# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.   19-50866 (JAM) |
| MICHAEL PORZIO, ) | |
| ) | CHAPTER   13 |
| DEBTOR. ) | |
| _____) | |
| JPMORGAN CHASE BANK, NA, ) | |
| MOVANT, ) | |
| ) | |
| V. ) | |
| ) | |
| MICHAEL PORZIO, ) | |
| RESPONDENT. ) | RE: ECF No.   36 |
| _____) | |

## Appearances

Linda St. Pierre                                                    *Attorney for the Movant*
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120

Michael Porzio                                                    *Pro se Debtor*

## MEMORANDUM OF DECISION AND ORDER
## GRANTING *IN REM* RELIEF FROM AUTOMATIC STAY

Michael Porzio (the "Debtor"), filed a Chapter 13 petition on June 28, 2019. Before the Court is a Motion for Relief from Stay filed by JPMorgan Chase, National Association ("JPMorgan") seeking *in rem* relief pursuant to 11 U.S.C. § 362(d)(4) (the "Motion for *In Rem* Relief"). ECF No. 36. The Debtor has filed an Objection to the Motion for *In Rem* Relief. ECF No. 40. The Court held a hearing on the Motion for *In Rem* Relief on November 14, 2019. At the conclusion of the hearing, the Court took the Motion for *In Rem* Relief under advisement. For the reasons set forth below, the Court grants the Motion for *In Rem* Relief.

**Background**[1]

1. On March 1, 2007, the Debtor, Michael Porzio, and his son, L. Michael Porzio, executed an adjustable rate note in the amount of $2,500,000.00 (the "Note"). To secure the obligations under the Note, the Debtor and his son also executed a mortgage deed secured by a first mortgage on the real property known as 2 Angora Road, Westport, Connecticut, 06608 (the "Property").

2. JPMorgan is the holder and owner of the Note.

3. The Debtor and L. Michel Porzio have been in default on the Note since February 1, 2008.

4. On February 11, 2009, JPMorgan commenced a foreclosure action against the Debtor and L. Michel Porzio in the Connecticut Superior Court. *JPMorgan Chase Bank v. Michael Porzio et al.*, CV-09-5010388 (the "State Court Foreclosure Action").

5. On December 19, 2014, a contested trial occurred in the State Court Foreclosure Action; the trial was completed pending a decision of the Superior Court.

6. On December 29, 2014, the Debtor filed a Chapter 13 bankruptcy case, Case No. 14-51960 (the "Debtor's 2014 Chapter 13 case"). The Debtor received a discharge in the Debtor's 2014 Chapter 13 case on September 28, 2017.

7. On March 20, 2015, the Connecticut Superior Court entered a Memorandum of Decision in the State Court Foreclosure Action. In the Memorandum of Decision, the Superior Court determined that: (i) JPMorgan is the holder and owner of the Note secured by a first mortgage on the property located at 2 Angora Road, Westport, Connecticut; (ii) the

---

[1] The facts set forth herein appear in the Motion for *In Rem* Relief or in judgments and pleadings filed in the Connecticut State Court Foreclosure Action.

Debtor and his son are in default of the terms of the Note; (iii) a photocopy of the lost original Note is valid and enforceable; (iv) the fair market value of the Property is $3,000,000.00; and (v) the debt owed to JPMorgan is $3,866,947.06 as of March 20, 2015. The Superior Court also entered a Judgment of Strict Foreclosure in favor of JP Morgan and set the first law day as July 28, 2015.

8.     On July 17, 2015, L. Michael Porzio, the Debtor's son, filed a Chapter 13 bankruptcy case, Case No. 15-50988 (the "Debtor's son's 2015 Chapter 13 case").  On March 15, 2016, the Debtor's son's 2015 Chapter 13 case was dismissed for failure to prosecute because confirmation of the Chapter 13 plan was denied and no amended or modified Chapter 13 plan was filed.

9.     On February 17, 2017, L. Michael Porzio filed a second Chapter 13 bankruptcy case, Case No. 17-50174 (the "Debtor's son's 2017 Chapter 13 case").  On March 27, 2017, the Debtor's son's 2017 Chapter 13 case was dismissed for failure to cure deficiencies including the failure to timely file a Chapter 13 Plan and to timely file required documents including the Schedules, Summary of Assets and Liabilities, Statement of Financial Affairs, Statement of Current Monthly Income, and the Declaration about Schedules.

10.    On April 18, 2017, the Debtor filed a second Chapter 13 bankruptcy case, Case No. 17-50418 (the "Debtor's 2017 Chapter 13 case").  On October 27, 2017, the Debtor's 2017 Chapter 13 case was dismissed because the debts of the Debtor exceeded Chapter 13 secured debt limits.  Even if the Debtor's 2017 Chapter 13 case had not been dismissed, the

Debtor was not eligible to receive a discharge because a discharge entered in the Debtor's 2014 Chapter 13 case.[2]

11. On January 23, 2018, the Connecticut Appellate Court affirmed the Memorandum of Decision and Judgment of Strict Foreclosure entered in the State Court Foreclosure Action.

12. On June 26, 2018, a second Judgment of Strict Foreclosure entered in the State Court Foreclosure Action which set the new law day as July 31, 2018.

13. On July 26, 2018, L. Michael Porzio, the Debtor's son, filed a third Chapter 13 bankruptcy case, Case No. 18-50932 (the "Debtor's son's 2018 Chapter 13 case"). On December 17, 2018, the Debtor's son's 2018 Chapter 13 case was dismissed with prejudice with a one-year bar to refiling another bankruptcy case.

14. On June 17, 2019, a third Judgment of Strict Foreclosure entered in the State Court Foreclosure Action which set the new law day as July 30, 2019.

15. The Debtor's instant Chapter 13 bankruptcy case, his third, was filed on June 28, 2019 (the "Debtor's 2019 Chapter 13 case").

16. On September 9, 2019, the Chapter 13 Trustee moved to dismiss the Debtor's 2019 Chapter 13 case on the grounds that his secured debt exceeds the statutory limit. ECF No. 33.

17. JPMorgan filed its Motion for *In Rem* Relief on September 20, 2019. ECF No. 36.

---

[2] Pursuant to 11 U.S.C. § 1328 (f)(2), the court shall not grant a discharge "if the debtor has received a discharge--in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order."

**Discussion**

JPMorgan argues it is entitled to *in rem* relief because the Debtor and the Debtor's son have engaged in serial bankruptcy filings for the sole purpose of preventing JPMorgan from taking title to the Property. The Court agrees.

Pursuant to 11 U.S.C. § 362(d)(4),

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved –
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

A successful motion for relief from the stay under 11 U.S.C. § 362(d)(4) prevents the automatic stay from applying to real property for a period of two years. *See* 11 U.S.C. § 362(b)(20). It is "not easy to successfully move for relief from the automatic stay under 11 U.S.C. § 362(d)(4). The language was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors." *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) (internal quotations omitted). This remedy is available only "in extreme circumstances when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors." *Id.* Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation omitted); *see also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of

several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud).

In this case, the record establishes that the Debtor and his son have filed, in total, six bankruptcy petitions to stay proceedings in the State Court Foreclosure Action, even after the Connecticut Appellate Court affirmed the initial Judgment of Strict Foreclosure. Such actions permit the Court to infer a scheme to hinder or delay JPMorgan from taking title to the Property.

The Debtor's 2014 Chapter 13 case was filed ten days after the completion of the contested trial in the State Court Foreclosure Action. The Debtor's son's 2015 Chapter 13 case was filed on the eve of the law day set in the initial Judgment of Strict Foreclosure. The Debtor's 2017 Chapter 13 case was filed a few weeks after the Debtor's son's 2015 Chapter 13 case was dismissed for failure to cure a deficient filing. After the Appellate Court affirmed the initial Judgment of Strict Foreclosure, and after the law day in the State Court Foreclosure Action was again set, the Debtor's son's 2018 Chapter 13 case was filed mere days before the new law day was to run. Similarly, the Debtor's 2019 Chapter 13 case, filed on June 28, 2019, was filed close in time to the running of the third law day set in the State Court Foreclosure Action. The timing of the multiple bankruptcy filings and the fact that two of the Debtor's son's bankruptcy cases were dismissed for failure to prosecute or for insufficient filings, demonstrate that the Debtor and his son have engaged in a scheme to hinder or delay JPMorgan by continuously obtaining an automatic stay to prevent JP Morgan from completing the State Court Foreclosure Action.

In his Objection, the Debtor argues that the Motion for *In Rem* Relief should be denied because JPMorgan is not the holder of the Note and is not entitled to enforce it. This argument

6

cannot be successful in this Court for two reasons. First, a final Judgment of Strict Foreclosure entered in the State Court Foreclosure Action prior to the filing of the Debtor's 2019 Chapter 13 case. The Judgment of Strict Foreclosure necessarily found that the Debtor owed a debt to JPMorgan and that JPMorgan was entitled to foreclose the mortgage. *See Bank of New York Mellon v. Bell*, No. 3:11-CV-1255 JAM, 2014 WL 7270232, at *3 (D. Conn. Dec. 18, 2014), *aff'd sub nom. Bank of New York Mellon as Tr. for BS ALT A 2005-9 v. Bell*, 745 F. App'x 427 (2d Cir. 2018) ("In order to succeed on a foreclosure action, plaintiff must establish three elements: (1) that it owns the secured debt, (2) that the defendants have defaulted on the note, and (3) that any conditions precedent to foreclosure established by the note or mortgage are satisfied.") (citing *Wells Fargo Bank, N.A. v. Strong,* 149 Conn.App. 384, 392, 89 A.2d 392, *cert. denied,* 94 A.3d 1202 (2014)). "Under the doctrine of *res judicata,* or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Second, under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to review state court decisions." *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995). When a party's claims before the federal court were raised in the state court proceedings, the doctrine deprives the federal court of jurisdiction over those claims. *See Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002).

      The issues of whether the Debtor owes a debt to JPMorgan and whether JPMorgan is a party in interest entitled to relief from the automatic stay were fully and finally decided in the State Court Foreclosure Action. In the Memorandum of Decision, the Superior Court concluded the following: (i) JPMorgan is the holder and owner of the Note; (ii) the Debtor and his son are

7

in default of the Note's terms; (iii) a photocopy of the lost original Note is valid and enforceable; (iv) the fair market value of the Property is $3,000,000.00; (v) and the debt owed to JPMorgan is not less than $3,866,947.06.  Furthermore, the Superior Court decision was affirmed by the Appellate Court on January 23, 2018.  The Superior Court decision is a final judgment that this Court cannot review.  Therefore, the Debtor is precluded from relitigating in this Court the issues that were fully and finally determined in the State Court Foreclosure Action.

In sum, when, as here, a debtor "has demonstrated a clear pattern of repeat filings concerning the Property, and in each bankruptcy case the Debtor has consistently failed to honor the obligations of a debtor in good faith, and has instead used the bankruptcy filings as a scheme to delay foreclosure proceedings against the Property," relief under section 362(d)(4) is warranted.  *See In re O'Farrill*, 569 B.R. at 592.

Accordingly, it is hereby

**ORDERED**: JPMorgan is granted *in rem* relief from the automatic stay as to the Property and a separate Order granting *in rem* relief from the stay will issue; and it is further

**ORDERED**: Pursuant to 11 U.S.C. § 1301(c), to the extent that the co-debtor stay in 11 U.S.C. § 1301(a) applies, it is hereby terminated and the 14-day stay of execution of this Order provided in Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived; and it is further

**ORDERED**: At or before 4:00 p.m. on December 6, 2019, the Clerk's Office shall serve this Order upon the Debtor via Certified Mail, return receipt requested, at 2 Angora Road, Westport, Connecticut, 06880, which is the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 6th day of December, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut