**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) CASE NO. | 19-50866 (JAM) |
| MICHAEL PORZIO, | ) | |
| | ) CHAPTER | 13 |
| DEBTOR. | ) | |
| | ) ECF NOs. | 16, 30 |

**Appearances**

Mr. Michael Porzio                                                                    *Pro se Debtor*

Roberta Napolitano                                                                  *Chapter 13 Trustee*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION TO DISMISS**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.     INTRODUCTION**

Michael Porzio (the "Debtor") filed this Chapter 13 case on June 28, 2019.  On July 12, 2019, the Debtor filed a Chapter 13 Plan.  ECF No. 16.  On September 9, 2019, the Chapter 13 Trustee filed a Motion to Dismiss the Debtor's case for exceeding debt limits (the "Motion to Dismiss," ECF 30).

The Court held a hearing on the Chapter 13 Plan and the Motion to Dismiss on November 14, 2019.  The Debtor, the Chapter 13 Trustee, and counsel for certain creditors appeared at the hearing.  At the conclusion of the hearing, the Court took the Chapter 13 Plan and the Motion to Dismiss under advisement.  For the reasons set forth below, the Motion to Dismiss is granted.  Due to the dismissal of the Debtor's case, the Chapter 13 Plan is moot, the claims asserted in the

adversary proceeding challenging the claim of a secured creditor are also moot, and the adversary proceeding is dismissed.

## II.  BACKGROUND

### The Debtor's Chapter 7 Case

1. The Debtor's first bankruptcy case, Case No. 14-51960, was filed as a Chapter 13 case on December 29, 2014, and was converted to a Chapter 7 case on April 14, 2015 (the "Debtor's Chapter 7 Case").

2. The Debtor received a Chapter 7 Discharge on September 28, 2015.

### The Debtor's 2017 Chapter 13 Case

3. On April 18, 2017, the Debtor filed a Chapter 13 case, Case No. 17-50418 (the "Debtor's 2017 Chapter 13 Case").

4. There were four secured Proofs of Claim filed in the Debtor's 2017 Chapter 13 case: (i) Wells Fargo Bank, N.A. ("Wells Fargo")'s Proof of Claim in the amount of $1,096,860.62 secured by property commonly known as 328 Post Road W., Westport, Connecticut; (ii) JPMorgan Chase Bank, National Association ("JPMorgan")'s Proof of Claim in the amount of $4,106,109.96 secured by the property commonly known as 2 Angora Road, Westport, Connecticut; (iii) Deutsche Bank Trust Company, Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QA10 ("Deutsche Bank")'s Proof of Claim in the amount of $615,977.97 secured by property commonly known as 11 Bulkley Ave., Westport, Connecticut; and (iv) Deutsche Bank National Trust Company, as Trustee, on behalf of the holder of the WaMu Mortgage Pass-Through Certificates, Series 2005-AR2 ("Deutsche Bank National")'s Proof of Claim in the amount of

$1,362,933.37 secured by property commonly known as 12 Winslow Road, Weston, Connecticut.

5.Wells Fargo filed an Amended Motion for *In Rem* Relief from the automatic stay on June 28, 2017.

6.Deutsche Bank filed a Motion for *In Rem* Relief from the automatic stay on August 30, 2017.

7.On October 27, 2017, the Court entered an Order granting Wells Fargo's Amended Motion for *In Rem* Relief. The Order refers to the prepetition Connecticut Superior Court Judgment of Strict Foreclosure entered against the Debtor with respect to the property commonly known as 328 Post Road W., Westport, Connecticut on March 23, 2015 in the case entitled *Wells Fargo Bank N.A. v. Porzio, L Michael, aka Porzio Lawrence M, et. al*, Case No. FBT-CV-14-6044277-S.

8.Also on October 27, 2017, the Court entered an Order granting Deutsche Bank's Motion for *In Rem* Relief. The Order refers to the prepetition Connecticut Superior Court Judgment of Strict Foreclosure entered against the Debtor with respect to the property commonly known as 11 Bulkley Ave., Westport, Connecticut on April 29, 2014 in the case entitled *Deutsche Bank Trust Company Americas, as Trustee for Rali 2005 QA10 v. Michael Porzio, et. al*, Case No. FST-CV-11-6011134-S.

9.The Court also entered an Order dismissing the Debtor's 2017 Chapter 13 Case on October 27, 2017. The Dismissal Order provided as follows:

> The Debtor's case is dismissed based upon the Debtor exceeding Chapter 13 secured debt limits under 11 U.S.C. § 109(e). To determine whether a debtor's secured debt exceeds Chapter 13 secured debt limits under § 109(e), a court may consider the debtor's *in rem* liability on a foreclosure judgment entered prepetition. *See In re Branam*, 476 B.R. 333, 337-38 (Bankr. S.D. Fla. 2012) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 78-79 (1991)). A Chapter 7

discharge extinguishes the *in personam* liability on a debt secured by the debtor's property but the *in rem* liability survives or passes through bankruptcy. *See Johnson*, 501 U.S. 78 at 83 (Chapter 7 discharges *in personam* liability but a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.). Even if a debtor disputes the existence of liability, if the amount of a debt is calculable with certainty or operation by law, and if the events giving rise to liability occurred prepetition, then the readily calculable debt can be counted for eligibility purposes under § 109(e). *See In re Mazzeo*, 131 F.3d 295, 304-05 (2d Cir. 1997); *In re Slack*, 187 F.3d 1070, 1073-75 (9th Cir. 1999); *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996) (claim is plainly liquidated if its amount is made certain by operation of law); *In re Barcal*, 213 B.R. 1008, 1012 (8th Cir. BAP 1997); *In re Imagine Fulfillment Servs., LLC*, 489 B.R. 136, 147 (Bankr. C.D. Cal. 2013) (claim is not contingent if events giving rise to liability occurred prepetition); *In re Mitchell*, 255 B.R. 345 (Bankr. D. Mass. 2000) (claim is liquidated so long as amount of liability is readily calculable even if debtor disputes liability). Here, the Debtor's secured debt arising under the prepetition foreclosure judgments exceed the applicable statutory maximum of $1,184,200.

### The Debtor's 2019 Chapter 13 Case

10. The Debtor filed the instant Chapter 13 case on June 28, 2019 (the "Debtor's 2019 Chapter 13 Case").

11. In his Petition, the Debtor lists his address as 2 Angora Road, Westport, Connecticut.

12. The Debtor filed his Chapter 13 Plan on July 12, 2019.[1]

13. There are three secured Proofs of Claim filed in the Debtor's 2019 Chapter 13 case: (i) JPMorgan's Proof of Claim in the amount of $4,432,759.40 secured by the real property commonly known as 2 Angora Road, Westport, Connecticut; (ii) Deutsche Bank's Proof of Claim in the amount of $652,377.41 secured by property commonly known as 11 Bulkley Ave., Westport, Connecticut; and (iii) Deutsche Bank National's Proof of Claim in the amount of

---

[1]The Chapter 13 Trustee, Deutsche Bank National, JPMorgan, and Deutsche Bank each filed an objection to the confirmation of the Debtor's Chapter 13 Plan.

$1,469,671.80 secured by property commonly known as 12 Winslow Road, Weston, Connecticut.

14. The total amount of the secured claims filed in the Debtor's 2019 Chapter 13 case equals $6,554,808.61.

15. On September 9, 2019, the Chapter 13 Trustee filed the Motion to Dismiss, seeking dismissal of the Debtor's 2019 Chapter 13 Case on the grounds that the Debtor's secured debt exceeds the statutory limit under 11 U.S.C. § 109(e).

16. On September 20, 2019, JPMorgan filed a Motion for Relief from Stay seeking *in rem* relief with respect to 2 Angora Road, Westport, Connecticut (the "Motion for *In Rem* Relief").

17. On October 16, 2019, the Debtor commenced an adversary proceeding against JPMorgan. *See Porzio v. JPMorgan*, Adv. Pro. No. 19-5027. The complaint alleges several causes of action challenging the validity of JPMorgan's claim (the "Complaint").

18. On December 6, 2019, the Court issued a Memorandum of Decision and Order granting the Motion for *In Rem* Relief. The Court found that *in rem* relief was warranted because the Debtor and the Debtor's son had engaged in a scheme to delay, hinder, or defraud JPMorgan by filing multiple bankruptcy cases for the sole purpose of preventing JPMorgan from taking title to the property after the Connecticut Superior Court entered a Judgment of Strict Foreclosure against the Debtor on March 20, 2015.

19. The Debtor filed a Notice of Appeal to District Court of the Memorandum of Decision and Order granting the Motion for *In Rem* Relief on December 17, 2019.

20. On September 18, 2020, the United States District Court for the District of Connecticut issued a ruling affirming the decision and order granting the Motion for *In Rem* Relief. *See* No. 19-cv-1994 (SRU), ECF No. 13.

### III. DISCUSSION

Section 1307, which governs dismissal of Chapter 13 cases, states, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307(c). Subsection (c) further provides "a non-exhaustive list of events that would be considered 'for cause.'" *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017). Pursuant to section 109(e) of the Bankruptcy Code, only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, secured debts of less than $1,257,850.00 is eligible to be a debtor under Chapter 13. *See* 11 U.S.C. § 109(e). "[I]f the court finds the debtor to be ineligible for chapter 13, the court has discretion either to dismiss or to convert the case, depending on the best interests of the creditors and the estate." 8 *Collier on Bankruptcy* ¶ 1307.4 (16th ed. 2020). "Cause" under section 1307(c) "may include a debtor's failure to meet eligibility requirements." *In re Villaverde*, 540 B.R. 431, 433 (Bankr. C.D. Cal. 2015) (citing *Smith v. Rojas (In re Smith)*, 435 B.R. 637, 649 (9th Cir. BAP 2010) (affirming dismissal of chapter 13 case due to debtor exceeding the § 109(e) debt limits)); *Pratola*, 589 B.R. 779, 793 (N.D. Ill. 2018) (finding ineligibility under section 109(e) provides "cause" to dismiss or convert the case under section 1307(c)).

The secured claims filed in the Debtor's 2019 Chapter 13 Case total $6,554,808.61, well above the $1,257,850.00 secured debt limit set forth in section 109(e). As noted above, the

6

Debtor states on his Petition that he lives at 2 Angora Road, Westport, Connecticut.  The secured debt asserted against 2 Angora Road alone exceeds the Chapter 13 secured debt limit: JPMorgan's Proof of Claim is in the amount of $4,432,759.40.  Although the Debtor has challenged the validity of JPMorgan's claim in the Complaint, the challenge to the claim does not remove the amount of the claim from the debt limit calculation.[2]  *See Matter of Knight*, 55 F.3d 231, 234 (7th Cir. 1995) (concluding, "in light of the virtual synonymy of 'debt' and 'claim,'" that a claim that is disputed is a debt that is included when calculating section 109(e) requirements); *In re Bosserman*, 587 B.R. 668, 677 (Bankr. N.D. Ohio 2018) (explaining that a debtor's dispute of a creditor's claim does not remove the debt from the court's section 109(e) eligibility determination); *c.f. In re Mazzeo*, 131 F.3d 295, 303 (2d Cir. 1997) (explaining that a debt is not contingent merely because the debtor disputes the claim).

Furthermore, if JPMorgan's claim is secured only by a security interest in real property that is the Debtor's principal residence, the rights of JPMorgan may not be modified in a Chapter 13 Plan in accordance with the anti-modification provision set forth in 11 U.S.C. § 1322(b)(2).  Because the Debtor may not attempt to bifurcate the debt due to the operation of section 1322(b)(2), the total amount of JPMorgan's debt should be counted toward the secured debt limit in section 109(e).  *See* 2 *Collier on Bankruptcy* ¶ 109.06 (16th ed. 2020) ("[T]here is a good argument that if the debtor may not bifurcate the debt, due to the operation of section 1322(b)(2), the total amount of the debt should be counted toward the secured debt limit."); *see also In re*

---

[2] In its ruling affirming the Order Granting *In Rem* Relief from Stay, Chief Judge Underhill notes that JPMorgan's claim was fully and finally determined in the Connecticut Superior Court in the amount of $3,866,947.06 as of March 20, 2015.

*Smith*, 419 B.R. 826, 832 (Bankr. C.D. Cal. 2009) ("Where a trust deed is partially secured on a debtor's primary residence, that debt will be counted as secured debt for § 109(e) purposes.").[3]

Although though the Debtor received a discharge in his Chapter 7 Case, the Debtor is not eligible to be a Chapter 13 debtor because his secured debt exceeds the limit set forth in section 109(e). Section 101(12) defines a "debt" as a "liability on a claim." 11 U.S.C. § 101(12). Claim is defined broadly under section 101(5):

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101. Thus, the term "'debt' includes liability on a 'claim,' whether such liability is *in personam* or *in rem*." *See In re Branam*, 476 B.R. 333, 337 (Bankr. S.D. Fla. 2012). While the Debtor does not have any *in personam* liability with respect to the obligations under the notes and mortgages related to his properties, the creditors' liens on those properties survive the Debtor's Chapter 7 discharge and the creditors are still permitted to proceed with their *in rem* rights with respect to the properties if payments are not timely made. *See* 11 U.S.C. § 727(b); *Johnson v. Home State Bank*, 501 U.S. 78, 80 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").

Furthermore, the United States Supreme Court and courts in this jurisdiction have held that liens on real property and other secured interests pass through bankruptcy unaffected. *See*

---

[3] Even if the Debtor could bifurcate JPMorgan's claim, the Debtor would also not be eligible to be a Chapter 13 debtor because his unsecured debts would exceed the unsecured debt limit of $419,275.00 set forth in 11 U.S.C. § 109(e).

*Dewsnup v. Timm*, 502 U.S. 410 (1992); *see also Curwen v. Whiton*, 557 B.R. 39, 43 (D. Conn. 2016). Therefore, a bankruptcy discharge precludes a secured creditor from pursuing a deficiency judgment against the debtor personally, but it leaves intact the secured creditor's *in rem* right to foreclose if payments are not made. As the United States Supreme Court held in *Johnson*, 501 U.S. at 84:

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

Accordingly, a debtor's *in rem* liability on a prepetition foreclosure judgment may be considered to determine whether a debtor's secured debt exceeds Chapter 13 secured debt limits under section 109(e). *See Branam*, 476 B.R. at 337 (holding that in assessing secured debt for Chapter 13 eligibility purposes, the court should consider the debtor's remaining *in rem* obligation on a mortgage foreclosure judgment, notwithstanding that debtor had been discharged of any *in personam* liability to the mortgagee in a prior Chapter 7 case); *Cf. In re Pike,* No. 17-40736, 2020 Bankr. LEXIS 2124, at *4-5 (Bankr. S.D. Ill. Aug. 7, 2020) (explaining that "[t]he fact that a discharge [under section 524(a)(2)] voids only *in personam* liability has important implications if a debtor's Chapter 7 case is subsequently converted to another chapter…because while a discharge eliminates a debtor's personal liability for a debt, it does not extinguish the liability of the bankruptcy *estate*.").

**IV.    CONCLUSION**

For the reasons set forth above, it is hereby

**ORDERED**: Pursuant to 11 U.S.C. §§ 109(e) and 1307(c), the Motion to Dismiss, ECF No. 30, is granted; and it is further

**ORDERED:** The Chapter 13 Plan, ECF No. 16, is moot due to the dismissal of the case; and it is further

**ORDERED**: The Clerk's Office is directed to dismiss as moot the adversary proceeding commenced by the Debtor against JPMorgan, Adv. Pro. No. 19-5027, and close the adversary proceeding[4]; and it is further

**ORDERED**: At or before 5:00 p.m. on September 22, 2020, the Clerk's Office shall serve this Order upon the Debtor on the address listed on the petition.

Dated at Bridgeport, Connecticut this 22nd day of September, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

---

[4] *See In re Grocott*, 507 B.R. 816, 819 (E.D. Pa. 2014) ("The general rule is that the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction is based on the nexus between the underlying bankruptcy case and those proceedings."); *Boyce v. Citibank, N.A.*, No. 15-CV-07408 (JFB), 2017 WL 87066, at *4 (E.D.N.Y. Jan. 10, 2017), *aff'd sub nom. In re Boyce*, 710 F. App'x 44 (2d Cir. 2018) (stating that, while not mandatory, the favored rule is that general jurisdiction for adversary proceedings does not survive dismissal of the underlying bankruptcy case because the basis for jurisdiction over the adversary proceeding depends on its nexus with the underlying bankruptcy case) (citing *Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 142 (2d Cir. 1999) and *Johnson v. Wells Fargo Bank, N.A. (In re Johnson)*, No. 09-49420, 2014 WL 4197001, at *28 (Bankr. E.D.N.Y. Aug. 22, 2014)).